UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| BILLY GRAHAM, | ) | Civil Action No.: 4:07-0632-RBH-TER |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| -vs- | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| | ) | |
| SEARS, ROEBUCK AND CO., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## I.    INTRODUCTION

This is an employment discrimination case.  Plaintiff alleges causes of action for retaliation and sexual harassment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. and a state law cause of action for wrongful termination in violation of public policy.  Presently before the Court is Defendant's Motion to Dismiss (Document # 4) Plaintiff's cause of action for wrongful termination.  All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(g), DSC.  Because this is a dispositive motion, this report and recommendation is entered for review by the district judge.

## II.    STANDARD OF REVIEW

Defendant brings its Motion to Dismiss pursuant to Rule 12(b)(6), Fed.R.Civ.P.  A motion to dismiss under Rule 12 tests the sufficiency of the complaint. A court may dismiss a complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. It does not resolve conflicts of facts, the merits of the claim, or the applicability of defenses asserted.  Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999)  Conley v.

Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the factual allegations in the complaint are accepted as true and the plaintiff is afforded the benefit of all reasonable inferences that can be drawn from those allegations. Mylan Laboratories, Inc. v. Matkari, 7 F.3d 1130,1134 (4th Cir. 1993).

## III.    DISCUSSION

Plaintiff sets forth the following pertinent allegations with regard to his wrongful termination cause of action:

> 93.    Paragraphs one (1) through ninety-two (92) are hereby incorporated verbatim. South Carolina has expressed, as a clear mandate that theft, obtaining benefits or money through false pretenses from one's employer, and being disloyal to an employer while accepting wages for working for an employer are in violation of public policy.

> 94.    The Defendant terminated the Plaintiff in retaliation for the Plaintiff's refusal to engage in, allow, or further attempt to engage in theft, disloyalty to an employer, or his supervisor's attempts to obtain money or benefits through false pretenses.

> 95.    That the Defendant terminated the Plaintiff in violation of a clear mandate of public policy.

Complaint at ¶¶ 93-95.

Generally speaking, South Carolina law allows an employer to discharge an employee without incurring liability for good reason, no reason, or bad reason. Culler v. Blue Ridge Elec. Coop., 309 S.C. 243, 422 S.E.2d 91(1992). However, the South Carolina Supreme Court has recognized a "public policy" exception to this doctrine. Ludwick v. This Minute of Carolina, Inc., 287 S.C. 219, 337 S.E.2d 213 (1985). In Ludwick, the court held that an employee has a tort cause of action for wrongful discharge where there is a retaliatory discharge of the at-will employee in violation of a clear mandate of public policy. Id. The public policy exception clearly applies in

-2-

cases where the employer either (1) requires the employee to violate the law, or (2) the reason for the employee's termination is itself a violation of criminal law. Lawson v. South Carolina Dep't of Corrections, 340 S.C. 346, 350, 532 S.E.2d 259, 260 (2000).

A Rule 12(b)(6) motion should be denied unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). Plaintiff alleges that Defendant terminated him for his refusal to, among other things, engage in theft and obtaining money or benefits via false pretenses, both of which would be violations of South Carolina law. Defendant's Motion would be more appropriately addressed at summary judgment stage, after both parties have had an opportunity to engage in discovery. At this stage of the litigation, it is premature to decide that no relief could be granted under any set of facts that could be proved consistent with the allegations.

## IV.    CONCLUSION

The allegations set forth in Plaintiff's Complaint are sufficient to state a cause of action for wrongful discharge in violation of public policy. As such, it is recommended that Defendant's Motion to Dismiss (Document # 4) be denied and Defendant be directed to file an Answer to Plaintiff's Complaint in accordance with Rule 12(a)(4), Fed.R.Civ.P.

 s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

January 14, 2008
Florence, South Carolina

**The parties' attention is directed to the important notice contained on the following page.**