IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Billy Graham, | Civil Action No.: 4:07-cv-00632-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| Sears, Roebuck and Co., | |
| Defendant. | |

This matter is now before the court with Plaintiff's [Docket Entry 83] Motion for Reconsideration pursuant to Rule 59(e), Federal Rules of Civil Procedure, filed on March 30, 2010. Plaintiff asks this court to reconsider its [Docket Entry 81] Order entered on March 19, 2010, which granted summary judgment in favor of Defendant and dismissed Plaintiff's case. Defendant timely responded to Plaintiff's motion on April 16, 2010. *See* Response [Docket Entry 85]. For the reasons set out below, the court denies Plaintiff's motion.

Motions under Rule 59 are not to be made lightly: "In general, reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (internal quotations and citations omitted). The Fourth Circuit has held that such a motion should be granted for only three reasons: (1) to follow an intervening change in *controlling* law; (2) on account of new evidence; or (3) "to correct a *clear error of law* or to prevent manifest injustice." *Collison v. Int'l Chemical Workers Union*, 34 F.3d 233, 235 (4th Cir. 1994) (emphasis added). "Thus, the rule permits a district court to correct its own errors, 'sparing the parties and the appellate courts the burden of unnecessary appellate proceedings.'" *Pac. Ins. Co.*, 148 F.3d at 403 (quoting *Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir. 1995)). However, Rule 59

motions "may not be used to make arguments that could have been made before the judgment was entered." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Nor are they opportunities to rehash issues already ruled upon because a litigant is displeased with the result. *See Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993) (stating that "mere disagreement does not support a Rule 59(e) motion"); *see also Consulting Eng'rs, Inc. v. Geometric Software Solutions & Structure Works LLC*, No. 1:06cv956, 2007 WL 2021901, at *2 (D.S.C. July 6, 2007) ("A party's mere disagreement with the court's ruling does not warrant a Rule 59(e) motion, and such motion should not be used to rehash arguments previously presented or to submit evidence which should have been previously submitted.") (internal citations and quotations omitted); *Tran v. Tran*, 166 F. Supp. 2d 793, 798 (S.D.N.Y. 2001) ("[A] motion for reconsideration is not a motion to reargue those issues already considered when a party does not like the way the original motion was resolved.") (internal citations and quotations omitted).

In the case at bar, Plaintiff does not present proper grounds for reconsideration of this court's prior ruling. In the motion, Plaintiff argues that "[t]he legal basis for the instant motion is that the District Court erred as a matter of law in granting Defendant's motion for summary judgment." Motion at 1. However, upon review, Plaintiff does little more in his motion than rehash prior arguments previously considered and rejected by this court. In substance, Plaintiff's motion repeats his arguments that he made in his Response in Opposition to Summary Judgment and in his Objections to the Magistrate Judge's Report and Recommendation. He does nothing more than disagree with this court's ruling that no genuine issues of material fact exist. These are the same arguments that the Magistrate Judge and this court have both previously rejected.

Because a Rule 59(e) motion should not be used to simply rehash arguments previously presented and ruled on by the court, Plaintiff's motion should be denied.

Based on the foregoing, it is therefore **ORDERED** that Plaintiff's Motion for Reconsideration is **DENIED**.

**IT IS SO ORDERED.**

                                                s/R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

April 27, 2010
Florence, South Carolina